LEFEVRE *v.* LEFEVRE.

DIVORCE—ALIMONY—DIVISION OF PROPERTY NOT INEQUITABLE.

In a suit for divorce brought by the wife, where the parties owned a store building and five dwelling houses as tenants by the entirety, the decree of the court below awarding to the plaintiff the store building and one of the dwellings, and awarding to defendant the other four dwellings, *held*, not inequitable, under the record.

Appeal from Monroe; Root (Jesse H.), J. Submitted January 31, 1924. (Docket No. 155.) Decided March 5, 1924.

Bill by Louise Lefevre against Benjamin Lefevre for a divorce. From a decree for plaintiff, defendant appeals. Affirmed.

*J. C. Lehr*, for plaintiff.

*Henry H. Roberts* and *William F. Haas*, for defendant.

FELLOWS, J.    The trial court granted plaintiff a decree of divorce and divided the property held by the parties as tenants by the entirety.    Defendant appeals and here urges the sole question of the propriety of the property division.    The plaintiff made a case for divorce and we shall concern ourselves only with the facts necessary to determine the question raised by defendant of whether the decree equitably divided the property.    The parties had been married 29 years and had no children.    When they were married neither possessed any property.    Some time after their marriage plaintiff inherited a farm afterwards sold for $5,000; later she received something like $1,000 from a relative.    Both sums went into the common property.    Both seem to have been industrious during their earlier married life.    Plaintiff took roomers and boarders during the most of their married life and materially assisted in the accumulation of their property.    For a few years before their separation defendant does not appear to have been overly ambitious.    Their property consisted of a store building and five dwelling houses in the city of Monroe.    The lowest estimate of its value was $17,000, the highest $24,650.    The lowest value of the store building was $5,000 and the highest $9,700.    The trial judge found the value to be $7,500.    He awarded the store building and one of the houses to plaintiff and the other four houses to defendant.    Plaintiff was given the household goods, the value of which does not appear.    Defendant had an automobile and had drawn from the bank some of their joint savings.    What the trial judge attempted to do, and what we think he accomplished, was to divide the property equally.    The storm center of the controversy both in the court below and here

was and is the store building.    Defendant insists it
should have been awarded to him so that he could run
a poolroom as he had grown too old to follow his trade
of glass blower.    He insists that for this purpose it
would be worth to him double its actual value.    Plain-
tiff insists that she should have the store building;
that she has lived in the rooms over the store for a
number of years and has there an established business
of keeping boarders and roomers which she must
continue in order to obtain a living.    The trial judge
on these contending claims concluded that plaintiff's
equities were superior to those of defendant.    We
find no reason to disturb this conclusion.    Upon this
record defendant has been as generously dealt with as
the facts warrant.

The decree will be affirmed, with costs and an at-
torney fee of $100.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE,
STEERE, and WIEST, JJ., concurred.